**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mario AGUIRRE–CONTRERAS,
Defendant–Appellant.**

**Nos. 10–10300, 10–10301.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 2012.*

Filed March 12, 2012.

Liza M. Granoff, Esquire, Assistant U.S. Attorney, Robert Lally Miskell, Assistant U.S. Attorney, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Thomas Scott Hartzell, Attorney at Law, Tucson, AZ, for Defendant–Appellant.

Before: B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Mario Aguirre–Contreras appeals from the 60–month sentence imposed following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. He also appeals the revocation of his supervised release and the sentence imposed upon revocation. We have jurisdiction under 28 U.S.C. § 1291. We affirm the revocation of Aguirre–Contreras's supervised release, but vacate the sentences imposed upon revocation and upon his conviction for illegal reentry and remand for resentencing.

Aguirre–Contreras contends that the district court erred in applying a 16–level enhancement to his sentence under U.S.S.G. § 2L1.2(b), based on his prior attempted burglary conviction under Arizona Revised Statutes § 13–1507. Contrary to the government's contention, this argument has not been waived. *See United States v. Perez,* 116 F.3d 840, 845 (9th Cir.1997) (en banc).

As we have previously held, Arizona burglary does not categorically match the generic federal definition. *See United States v. Bonat,* 106 F.3d 1472, 1475–76 (9th Cir.1997). Therefore, whether Aguirre–Contreras's prior conviction qualifies as a crime of violence depends upon application of the modified categorical approach described in *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). The district court's failure to conduct this analysis was plain error. *See United States v. Pimentel–Flores,* 339 F.3d 959, 968 (9th Cir. 2003). Accordingly, we vacate the sentence imposed on Aguirre–Contreras following his illegal reentry conviction and remand for resentencing on an open record.

Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Aguirre–Contreras's counsel's brief states that there are no arguable grounds for relief on direct appeal with respect to

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the revocation of Aguirre–Contreras's supervised release or the sentence imposed upon revocation. Based on our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 80–81, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we agree. We therefore affirm the revocation of Aguirre–Contreras's supervised release. However, in light of our disposition above, we vacate the sentence imposed upon revocation and remand for resentencing.

**AFFIRMED in part; VACATED and REMANDED in part.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.